UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Tampa, Florida |
| | ) | |
| Plaintiff, | ) | No. 8:18-cr-594-T-24JSS |
| | ) | |
| | ) | Docket No. 119 |
| vs. | ) | |
| | ) | May 9, 2019 |
| RUDOLPH RANDOLPH MEIGHAN, | ) | |
| JORGE RAMON NEWBALL MAY, and | ) | |
| CALBOT REID-DILBERT, | ) | |
| | ) | |
| Defendants. | ) | Courtroom 10B |
| _____ | ) | |


(Volume IV of IV)


**TRANSCRIPT OF JURY TRIAL**
BEFORE THE HONORABLE SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE


*Official Court Reporter:*

*Scott Gamertsfelder, RMR, FCRR*
*801 North Florida Avenue*
*Tampa, Florida 33602*
*Telephone:  (813) 301-5898*

*(Proceedings reported by stenotype; Transcript produced by computer-aided transcription.)*

### A P P E A R A N C E S

**GOVERNMENT COUNSEL:**

      **Daniel M. Baeza, Assistant U.S. Attorney**
      **Nicholas G. DeRenzo, Assistant U.S. Attorney**
      United States Attorney's Office
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      (813) 274-6000


**DEFENSE COUNSEL:**

      **David A. Dee, Esq.**
      Law Offices of David A. Dee, PA
      311 South Brevard Avenue
      Tampa, Florida 33606
      (813) 258-0406

      **Bjorn E. Brunvand, Esq.**
      Bjorn E. Brunvand, PA
      615 Turner Street
      Clearwater, Florida 33756
      (727) 446-7505

      **Pedro Amador, Jr., Esq.**
      Law Office of Pedro Amador, Jr.
      2203 North Lois Avenue, Suite 925
      Tampa, Florida 33607
      (813) 250-0556



             **ALSO PRESENT:**

                James Plunkett, Interpreter

                Etienne van Hissenhoven,
                Interpreter


                - - -

### TABLE OF CONTENTS

|  | **PAGE** | **LINE** |
|---|---|---|
| Jury Instructions............. | 15 | 17 |
| Defense counsel renew Rule 29 motion.................... | 44 | 24 |

**P R O C E E D I N G S**

1

2    May 9, 2019                                          9:21 a.m.

3                              - - -

4                COURT SECURITY OFFICER:  All rise.

5                The United States District Court in and for the

6    Middle District of Florida is now in session.  The Honorable

7    Susan C. Bucklew presiding.

8                Please be seated.

9                THE COURT:  Miss Saylor, would you swear in our

10   new interpreter, please.

11               THE COURTROOM DEPUTY:  Yes, Your Honor.  Please

12   stand and raise your right hand.

13               Do you solemnly swear or affirm that you will to

14   the best of your ability interpret from English to Spanish

15   and from Spanish to English all questions and responses

16   propounded by this Court?

17               THE INTERPRETER:  I do.

18               THE COURTROOM DEPUTY:  Please state your name for

19   the record.

20               THE INTERPRETER:  Etienne van Hissenhoven.

21               THE COURT:  All right.  I would like to just talk

22   briefly about the jury instructions, and then we have an

23   issue, as you can see, with a juror that we need to talk

24   about.  But I would like to do the jury instructions first so

25   that we can run copies.

1          You have and we e-mailed you last night a copy of

2    the Court's proposed jury instructions.  I don't think there

3    should be any big surprises there.  I think it's -- I would

4    like to talk about two things.  First, you will note that I

5    have left the -- I have left the instruction that the

6    government submitted for the elements, the two elements for

7    possession of -- it's a federal crime for anyone on board a

8    vessel subject to the jurisdiction of the United States to

9    knowingly possess a controlled substance with the intent to

10   distribute it.

11          I am comfortable with the decision that element

12   number four not be there because of the fact that, in our

13   particular instance, we're giving the jury an opportunity to

14   make the determination that there is -- there are five

15   kilograms or more of cocaine, more than 500 grams, but less

16   than five kilograms and less than 500 kilograms.

17          With that same thought, I think that's really the

18   lesser included offenses.  I don't think a lesser included

19   offense of possession is appropriate if they can -- the

20   lesser included has to do with the weight, in my opinion, and

21   if they don't find them responsible for less than 500 grams,

22   then they would find them not guilty.

23          So the only other thing that -- element number

24   one, that the standard jury instruction has that the

25   defendant was on board a vessel subject to the jurisdiction

1   of the United States.  The government suggested that be

2   deleted because that's a legal issue for the Court's

3   determination.

4           The determination by the Court is that the vessel

5   was subject to the jurisdiction of the United States, not

6   necessarily that the defendant was on board the vessel

7   subject to the jurisdiction of the United States.

8           So I struggled with whether to leave element one

9   in or not leave element number one in.  I don't know that

10  there is really an issue with the fact that the defendants

11  were on board a vessel, but I'm open to suggestions.

12          I will say, as the government has suggested, that

13  the Court has made the determination, and even the

14  annotations under the jury instructions say it is for the

15  Court's determination.  It's a legal issue.  It's not an

16  element of the crime.

17          So I guess -- and I think one of the attorneys

18  made the argument yesterday, I guess it really goes to the

19  fact that the defendant was on board the vessel, not that the

20  vessel was subject to the jurisdiction of the United States.

21          So if you really think that's an issue, then I

22  will give element number one.  And then I will also tell them

23  that the Court has made the determination that the vessel was

24  subject to the jurisdiction of the United States.

25          MR. AMADOR:  If I may be heard.  While I don't

1    know that it's an issue, it's an element of the offense.  And

2    I believe that that's how the Court should instruct the jury,

3    and the jury needs to make that determination.  That's my

4    position on that.

5          THE COURT:  All right.  Mr. DeRenzo?

6          MR. DERENZO:  Your Honor, it's our position that

7    in order for the Court to have subject matter jurisdiction,

8    it has to determine that the individual charged with a

9    federal offense is in an area that the United States of

10   America has subject matter jurisdiction over.  So in other

11   context, you know, if you're in a federal courthouse and you

12   commit a crime, or some other area where the federal

13   government has exclusive federal jurisdiction, or concurrent

14   jurisdiction, that's an element of the Court determining that

15   issue of law.

16         So by virtue of the Court's determination that it

17   has subject matter jurisdiction, part and parcel of that

18   determination is that each individual defendant in this case

19   under Title 46 was on board a vessel, which was also subject

20   to the jurisdiction of the United States.

21         THE COURT:  Well, the determination I made

22   pursuant to your motion, the government's motion, was a

23   motion for judicial determination that the vessel was subject

24   to the jurisdiction of the United States.  And I agreed.  I

25   made that judicial determination pretrial that, as a matter

1   of law, the vessel was subject to the jurisdiction of the

2   United States.

3          I didn't make any pretrial determination regarding

4   whether the defendant, individual defendant, was on board the

5   vessel.  I mean, it does seem obvious to me.  But, you know,

6   I think I would probably defer on the side of being cautious

7   and put back in element number one.

8          So I know my law clerk is listening to this.  I

9   think the instruction should read:  Element number one, the

10  defendant was on board a vessel subject to the jurisdiction

11  of the United States.  Number two, the defendant knowingly

12  possessed cocaine.  The defendant intended to distribute the

13  cocaine.

14         So -- but I don't think the weight of the cocaine

15  is really an element for the jury, other than as we give them

16  the opportunity to make the determination that they can find

17  them responsible for a lesser amount than the five kilograms.

18         So it would be my thought we give one, two, and

19  three, essentially.  And that's just simply in an abundance

20  of caution.

21         So any other comments, objections, thoughts about

22  the jury instructions?

23         MR. AMADOR:  Judge, I just want to make sure that

24  the record is clear that you're denying my request for the

25  jury instruction of simple possession.

1          THE COURT:  Yes.  As a lesser included?

2          MR. AMADOR:  As a lesser included.

3          THE COURT:  Yes.  Any other objections?  All

4   right.  Mr. DeRenzo?

5          MR. DERENZO:  No, Your Honor.  No other

6   objections.  Thank you.

7          THE COURT:  Mr. Dee?

8          MR. DEE:  None other than I would join in with

9   Mr. Amador so the record is clear on that.  That's all.

10  Thank you.

11         THE COURT:  Mr. Brunvand?

12         MR. BRUNVAND:  The same, Your Honor.

13         THE COURT:  All right.  It would be my thought to

14  instruct the jury before you make your closing arguments, so

15  we'll run the copies for them.  But in the meantime, let's go

16  ahead and talk about the note that I have from the juror,

17  Mr. Leath.  And Mr. Leath is the gentleman, as you can see on

18  your seating chart, that's up there on the top row, juror

19  number 12 in seat 12.

20         And I'll read it aloud, but I wanted you to have a

21  copy.  Apparently, he e-mailed last night Miss Saylor and

22  then apparently called this morning, as well.  But William

23  Leath, juror number 11, I believe.  I'm asking for an excusal

24  from jury service starting Thursday.  My wife has been

25  dealing with stage four colon cancer this past year.  We were

1    done with surgery and 12 treatments of chemo on February

2    28th.  But a CT scan last month showed something on the liver

3    that has had surgery already.  She went through a liver MRI

4    and biopsy to rule out it was just scar tissue.  But her last

5    appointment in Florida Cancer Center to clear her, they drew

6    blood that was not processed until the following day.  They

7    called and reported her CEA levels were elevated, alarm for

8    more cancer, question mark.  So the doctor ordered a PET scan

9    that was performed this past Saturday on May the 4th.  This

10   evening, Dr. Cogburn of the Florida Cancer Center called my

11   wife to advise that there is a cancer spot on her pelvis.

12   She now has a consult with Dr. Cogburn on Thursday.  That

13   would be today, May the 9th at 4 p.m. at the Florida Cancer

14   Center.  They want to restart chemo, but change doses of what

15   was done before, and discussed possible surgery, question

16   mark.  I hope you can understand that I must be there with

17   her.  Cannot let her go alone.  My sincere apologies.  I will

18   come in early to talk with the judge, but need to be excused.

19            So we do have, fortunately, another alternate,

20   Sonya Peer.  So it would be my thought that we should excuse

21   Mr. Leath because, I mean, obviously, it's going to be

22   difficult for him to concentrate, I would think, and I don't

23   think I could possibly say to him, you can't be at the

24   appointment with your wife.  So, Mr. DeRenzo?

25            MR. DERENZO:  Very well, Your Honor.  Thank you.

1    We concur and defer to the Court.

2              THE COURT:  Mr. Dee?

3              MR. DEE:  Yes, Your Honor, I conferred with

4    Mr. Brunvand and Mr. Amador, and we agree that this gentleman

5    needs to be with his wife at this time.

6              THE COURT:  Okay.  Would you ask Mr. Leath to step

7    in.

8              COURT SECURITY OFFICER:  All rise.

9              (Juror enters.)

10             THE COURT:  You can have a seat.

11             Mr. Leath, I have a copy of the e-mail that you

12   sent to Miss Saylor last night.  And is it still your desire

13   to be excused?

14             THE JUROR:  Unless I can be out by 2 p.m.,

15   guaranteed to be out by 2 p.m. to help get her to her doctor

16   appointment with Dr. Cogburn to go over her chemo.  They want

17   to restart her chemo treatments.

18             THE COURT:  Okay.  And I guess what I was asking,

19   nothing has changed since you wrote this e-mail?

20             THE JUROR:  No.

21             THE COURT:  All right.  We have all talked about

22   it.  I've shared the e-mail with the attorneys, and I think

23   everybody is in agreement that we can certainly understand

24   that.  The trial -- I couldn't guarantee you could be out by

25   2 o'clock unless we got to the jury and had a verdict

1    immediately.  Fortunately, we do have an alternate juror who

2    can take your place.  If we didn't, I would just recess and

3    we would come back tomorrow.  But we do, so I can understand

4    and all the attorneys understand, as well.  And we hope

5    everything goes well.  And you're excused.

6           THE JUROR:  Thank you very much.  I apologize for

7    having to do that.

8           THE COURT:  No.  We understand completely.  Thank

9    you.

10          THE JUROR:  Thank you.

11          COURT SECURITY OFFICER:  All rise.

12          (Juror exits.)

13          THE COURT:  All right.  Just stick around.  I'm

14   going to go down and get the copies of the jury instructions.

15   We'll try to start back up again about between a quarter and

16   ten of.  We're in recess.

17          (Recess taken from 9:38 a.m. to 9:57 a.m.)

18          COURT SECURITY OFFICER:  All rise.

19          This Honorable Court is now in session.

20          THE COURT:  I think we have copies for everybody.

21          We're going to start.  Mr. DeRenzo, do you want

22   Miss Saylor to tell you after you've used any particular

23   amount of time?

24          MR. DERENZO:  Yes, Your Honor.  I spoke with her

25   during the recess.

 1              THE COURT:  Mr. Dee, same thing, if you want us to

 2     help you, then you need to tell her.

 3              MR. DEE:  Yes, Judge.  Miss Saylor advised she

 4     would let me know if I got close to my 20 minutes or 30

 5     minutes, whatever it was you allowed us.  I don't think it

 6     will be a problem.

 7              THE COURT:  Miss Saylor, have you talked to all of

 8     them?

 9              THE COURTROOM DEPUTY:  Yes, Your Honor.

10              THE COURT:  I'm sorry.

11              Okay.  I will bring the jury in.

12              COURT SECURITY OFFICER:  All rise for the jury.

13              (Jury enters courtroom at 9:58 a.m.)

14              COURT SECURITY OFFICER:  Thank you.  Please be

15     seated.

16              THE COURT:  Good morning.

17              Anything happen over the evening hours that any of

18     you feel could affect your ability to serve on this jury?

19              (*Unanimous negative responses.*)

20              THE COURT:  Okay.  Mr. Leath, as you notice, is

21     not here.  And I don't know if he discussed anything with you

22     or not, but his wife has health problems and has serious

23     problems.  And so at any rate, they had a matter come up that

24     he needed to attend to this afternoon.  So at any rate,

25     that's why he is not here.

1          Let me tell you briefly about what's going to

2    happen today.  I'm going to begin by passing out the jury

3    instructions and reading the jury instructions with you.

4          After I have finished doing that, the attorneys

5    are going to make a closing argument.  It will go in the

6    following order:  Mr. DeRenzo will begin.  The government has

7    the burden of proof, so they go first.

8          After he has finished, then Mr. Dee will make a

9    closing argument on behalf of Mr. Meighan, Mr. Brunvand on

10   behalf of Mr. Newball-May, and Mr. Amador on behalf of

11   Mr. Reid-Dilbert.

12         And then Mr. DeRenzo gets to address you again

13   briefly in a rebuttal argument, if he wishes to do that.

14         So that's what will happen.  After everybody has

15   made their closing arguments, then you'll go back to the jury

16   room and begin your deliberations.

17         We ordered lunch for you.  Sandwiches is all.  But

18   at least it will save time as far as having to go out to

19   lunch and that kind of thing.  They're good sandwiches.  But

20   at any rate, it will get here sometime between 12:00 and

21   12:30.  I'm not sure where we'll be in the closing arguments,

22   but, if necessary, we will recess and you can go have lunch

23   and then come back in and finish.  We may finish.  I just

24   don't know for sure.

25         Any questions?

1          (*Unanimous negative responses.*)

2          THE COURT:  As I said, once you begin your

3    deliberations, you can take whatever time you need to reach a

4    verdict.  And if you need to come back tomorrow, you're

5    certainly welcome to come back tomorrow, as well.

6          All right.  Mr. Fitchett, would you pass out the

7    jury instructions to each of the jurors.

8          These are yours.  You can take them back with you

9    to the jury room.  You can write on them if you want to do

10   that.  The attorneys all have a copy.  They may be referring

11   to them in their closing arguments.  But these particular

12   ones are your jury instructions.  And, again, if you need to

13   write on them or want to write on them at any time, feel free

14   to do that.

15         So I will read them aloud and I'll ask that you

16   follow along.

17         It is now my duty to instruct you on the rules of

18   law that you must use in deciding the case.  After I've

19   completed these instructions, you will go back to the jury

20   room and begin your discussions, what we call jury

21   deliberations.

22         You must decide whether the government has proven

23   the specific facts necessary to find each of the defendants

24   guilty beyond a reasonable doubt.

25         Your decision must be based only on the evidence

1   presented during the trial.  And you must not be influenced

2   in any way by sympathy for or prejudice against the

3   defendants or the government.  You must follow the law as I

4   explain it, even if you do not agree with the law.  And you

5   must follow all of my instructions as a whole.  You must not

6   single out or disregard any of the Court's instructions in

7   the law.

8         The Indictment, which I read earlier, and which

9   you'll have back there in the jury room, is a formal charge

10   against the defendant.  It isn't evidence of guilt.  The law

11   presumes every defendant is innocent.  A defendant does not

12   have to prove his innocence or produce any evidence at all.

13   A defendant does not have to testify.  And if a defendant

14   choses not to testify, you cannot consider that in any way

15   while making your decision.

16         The government must prove guilt beyond a

17   reasonable doubt.  If it fails to do so, you must find the

18   defendant not guilty.

19         The government's burden of proof is heavy, but it

20   doesn't have to prove a defendant's guilt beyond all possible

21   doubt.  The government's proof only has to exclude any

22   reasonable doubt concerning the defendant's guilt.  A

23   reasonable doubt is a real doubt, based on reason and common

24   sense after you've carefully and impartially considered all

25   the evidence in the case.

1          Proof beyond a reasonable doubt is proof so

2    convincing that you would be willing to rely and act on it

3    without hesitation in the most important of your own affairs.

4    If you are convinced that a defendant has been proven guilty

5    beyond a reasonable doubt, then say so.  If you are not

6    convinced, then say so.

7          As I said before, you must consider only the

8    evidence that I have admitted in the case.  Evidence includes

9    the testimony of witnesses and the exhibits admitted.  But

10   anything the lawyers say is not evidence, and it is not

11   binding on you.

12         You shouldn't assume from anything I've said that

13   I have any opinion about any factual issue in the case.

14   Except for my instructions to you on the law, you should

15   disregard anything I may have said during the trial in

16   arriving at your own decision about the facts.

17         It is your own recollection and interpretation of

18   the evidence that matters.

19         In considering the evidence, you may use reasoning

20   and common sense to make deductions and reach conclusions.

21   You shouldn't be concerned about whether the evidence is

22   direct or circumstantial.  Direct evidence is the testimony

23   of a person who presents -- who asserts that he or she has

24   actual knowledge of a fact, such as an eyewitness.

25   Circumstantial evidence is proof of a chain of facts and

1    circumstances that tend to prove or disprove a fact.  And

2    there is no legal difference in the weight that you may give

3    to either direct or circumstantial evidence.

4            When I say you must consider all of the evidence,

5    I do not mean that you must accept all of the evidence as

6    true or accurate.  You should decide whether you believe what

7    each witness had to say and how important that testimony was.

8            In making that decision, you may believe or

9    disbelieve any witness in whole or in part.  And the number

10   of witnesses testifying concerning a particular point doesn't

11   necessarily matter.

12           To decide whether you believe any witness, I

13   suggest that you ask yourself a few questions.  Did the

14   witness impress you as one who was telling the truth?  Did

15   the witness have any particular reason not to tell the truth?

16   Did the witness have a personal interest in the outcome of

17   the case?  Did the witness seem to have a good memory?  Did

18   the witness have the opportunity and ability to accurately

19   observe the things he or she testified about?  Did the

20   witness appear to understand the questions clearly and answer

21   them directly?  Did the witness's testimony differ from other

22   testimony or other evidence?

23           You should also ask yourself whether there was

24   evidence that a witness testified falsely about an important

25   fact, and ask whether there was evidence that at some other

1    time a witness said or did something or didn't say or do

2    something that was different from the testimony the witness

3    gave during the trial.

4          But keep in mind that a simple mistake does not

5    mean that a witness was not telling the truth as he or she

6    remembers it.  People naturally tend to forget some things or

7    remember them inaccurately.  So if a witness misstated

8    something, you must decide whether it was because of an

9    innocent lapse in memory or an intentional deception.  And

10   the significance of your decision may depend on whether the

11   misstatement is about an important fact or about an

12   unimportant detail.

13         When scientific, technical, or other specialized

14   knowledge might be helpful, a person who has special training

15   or experience in that field is allowed to state an opinion

16   about the matter.  But that doesn't necessarily mean that you

17   must accept the witness's opinion.  As with any other

18   witness's testimony, you must decide for yourself whether to

19   rely upon the opinion.

20         If the government offers evidence that a defendant

21   made a statement or admission to someone after being arrested

22   or detained, you must consider that evidence with caution and

23   great care.  You must decide for yourself, one, whether the

24   defendant made the statement, and, two, if so, how much

25   weight to give it.

1          To make these decisions, you must consider all the

2    evidence about the statement, including the circumstances

3    under which it was made.

4          Any such statement is not evidence about any other

5    defendant.

6          The Indictment charges two separate crimes, called

7    counts, against the defendants.  Each count has a number, and

8    you'll be given a copy of the Indictment to refer to during

9    your deliberations.

10         Count One charges that the defendants knowingly,

11   willfully, and intentionally conspired with each other and

12   with others to distribute and to possess with the intent to

13   distribute five kilograms or more of a mixture and substance

14   containing a detectable amount of cocaine, a schedule two

15   controlled substance, while on board a vessel subject to the

16   jurisdiction of the United States.

17         Count Two charges that the defendants committed

18   what is called a substantive offense, specifically, knowingly

19   and intentionally possessing with the intent to distribute a

20   controlled substance, a violation that involved five

21   kilograms or more of a mixture and substance containing a

22   detectable amount of cocaine, a schedule two controlled

23   substance.

24         I will explain the law governing the substantive

25   offense in a minute.  But first, you need to note that the

1  defendants are not charged in Count One with committing a

2  substantive offense.  They are charged with conspiring to

3  commit that offense.

4       And I will also now give you a specific

5  instruction on conspiracy.

6       I'm on Page 10.  It is a separate federal crime

7  for anyone to conspire to knowingly possess with the intent

8  to distribute or distribute cocaine on board a vessel subject

9  to the jurisdiction of the United States.  Title 46, United

10 States Code, Section 70503(a) makes it a crime for anyone

11 while on board a vessel subject to the jurisdiction of the

12 United States to knowingly distribute cocaine or possess

13 cocaine with the intent to distribute it.

14      I have determined and I instruct you as a matter

15 of law that the vessel involved in this case is a vessel

16 subject to the jurisdiction of the United States.

17      A conspiracy is an agreement by two or more

18 persons to commit an unlawful act.  In other words, it's a

19 kind of partnership for criminal purposes.  Every member of

20 the conspiracy becomes the agent or the partner of every

21 other member.

22      The government does not have to prove that all of

23 the people named in the Indictment were members of the plan

24 or that those who were members made any kind of formal

25 agreement.  The heart of a conspiracy is the making of the

1  unlawful plan itself.  So the government does not have to

2  prove that the conspirators succeeded in carrying out the

3  plan.

4          A defendant can be found guilty only if the

5  following facts are proven beyond a reasonable doubt.  One,

6  two or more people in some way agreed to try to accomplish a

7  shared and unlawful plan.

8          Two, the defendant knew the unlawful purpose of

9  the plan and willfully joined in it.  And, three, the object

10  of the unlawful plan was to distribute or posses with the

11  intent to distribute a mixture and substance containing a

12  detectable amount of cocaine.

13          A person may be a conspirator even without knowing

14  all the details of the unlawful plan, or the names and the

15  identities of all the other alleged conspirators.  If a

16  defendant played only a minor part in the plan, but had a

17  general understanding of the unlawful purpose of the plan,

18  and willfully joined in the plan on at least one occasion,

19  that is sufficient for you to find the defendant guilty.  But

20  simply being present at the scene of an event, or merely

21  associating with certain people and discussing common goals

22  and interests doesn't establish proof of a conspiracy.  Also,

23  a person who doesn't know about a conspiracy but happens to

24  act in a way that advances some purpose of one, doesn't

25  automatically become a conspirator.

1          The defendants are charged with conspiring to

2    distribute and to possess with the intent to distribute five

3    kilograms or more of a mixture and substance containing a

4    detectable amount of cocaine.  But you may find a defendant

5    guilty of the crime even if the amount of the controlled

6    substance for which he should be held responsible is less

7    than five kilograms.

8          So if you find the defendant guilty, you must also

9    unanimously agree whether the weight of the mixture and

10   substance containing a detectable amount of cocaine that the

11   defendant conspired to distribute or to possess with the

12   intent to distribute was five kilograms or more, 500 grams or

13   more, or less than 500 grams.

14         And you must specify your unanimous weight

15   determination on the verdict form that I have prepared for

16   you.

17         Count Two.  It's a federal crime for anyone on

18   board a vessel subject to the jurisdiction of the United

19   States to knowingly or intentionally distribute or posses

20   with the intent to distribute a controlled substance.

21   Cocaine is a controlled substance within the meaning of the

22   law.

23         I have also determined and I instruct you that as

24   a matter of law that the vessel involved in this case is a

25   vessel subject to the jurisdiction of the United States.  A

1   defendant can be found guilty of this crime only if each of

2   the following facts is proven beyond a reasonable doubt.

3           The defendant was on board a vessel subject to the

4   jurisdiction of the United States.  The defendant knowingly

5   possessed cocaine and, three, the defendant intended to

6   distribute the cocaine.

7           To possess with the intent to distribute means to

8   knowingly have something while intending to deliver or

9   transfer it to someone else, even with no financial interest

10  in the transaction.  The defendants are charged in the

11  Indictment with possessing with the intent to distribute five

12  kilograms or more of a mixture or substance containing a

13  detectable amount of cocaine.

14          But you may find the defendant guilty of the

15  offense even if the amount of the controlled substance for

16  which he should be held responsible is less than the five

17  kilograms.  So if you find the defendant guilty, you must

18  also unanimously agree whether the weight of the mixture and

19  substance containing a detectable amount of cocaine that the

20  defendant possessed with the intent to distribute was five

21  kilograms or more, 500 grams or more, or less than 500 grams.

22          And you must specify -- you must then specify your

23  unanimous weight determination on the verdict form that I've

24  prepared for you.

25          I'm on Page 15.  The law recognizes several kinds

1    of possession.  A person may have actual possession,

2    constructive possession, sole possession or joint possession.

3            Actual possession of a thing occurs if a person

4    knowingly has direct physical control over it.  Constructive

5    possession of a thing occurs if a person doesn't have actual

6    possession of it, but has the power and intention to take

7    control over it later.

8            Sole possession of a thing occurs if a person is

9    the only one to possess it.  Joint possession of a thing

10   occurs if two or more people share possession of it.  The

11   term possession includes actual, constructive, sole, and

12   joint possession.

13           As to Count Two, it is possible to prove a

14   defendant guilty of a crime even without evidence that the

15   defendant personally performed every act charged.

16   Ordinarily, any act a person can do may be done by directing

17   another person or agent, or it may be done by acting with or

18   under the direction of others.

19           A defendant aids and abets a person if the

20   defendant intentionally joins with the person to commit a

21   crime.  A defendant is criminally responsible for the acts of

22   another person if the defendant aids and abets the other

23   person.  A defendant is also responsible if the defendant

24   willfully directs or authorizes the acts of an agent,

25   employee or other associate.

1          The finding that a defendant is criminally

2   responsible for the acts of another person requires proof

3   that the defendant intentionally associated with or

4   participated in the crime, not just proof that the defendant

5   was simply present at the scene of a crime or knew about it.

6          In other words, you must find beyond a reasonable

7   doubt that the defendant was a willful participant and not

8   merely a knowing spectator.

9          In these charges, I have reviewed the pertinent

10  parts of the federal statute which are alleged to have been

11  violated.  And where a statute specifies several alternative

12  ways in which the offense may be committed, the Indictment

13  may allege the several ways in the conjunctive.  That is, by

14  using the word "and".  Therefore, if only one of the

15  alternatives is proved beyond a reasonable doubt, that's

16  sufficient for conviction, so long as the jury agrees

17  unanimously as to at least one of the alternatives.

18          You'll see the Indictment charges that a crime was

19  committed on or about a certain date.  The government doesn't

20  have to prove that the crime occurred on an exact date.  The

21  government only has to prove beyond a reasonable doubt that

22  the crime was committed on a date reasonably close to the

23  date alleged.

24          The word "knowingly" means the act was done

25  voluntarily and intentionally, and not because of a mistake

1   or an accident.  The word "willfully" means that the act was

2   committed voluntarily and purposely with the intent to do

3   something the law forbids, that is, with bad purpose, to

4   disobey or disregard the law.

5           And while a person must have acted with the intent

6   to do something that the law forbids, before you can find the

7   person acted willfully, the person need not be aware of the

8   specific law or rule that his conduct may be violating.

9           Each count of the Indictment charges a separate

10  crime against one or more of the defendants.  You must

11  consider each crime and the evidence relating to it

12  separately, and you must also consider the case of each

13  defendant separately and individually.

14          If you find a defendant guilty of one crime, that

15  must not affect your verdict for any other crime or any other

16  defendant.  I caution you that each defendant is on trial

17  only for the specified or specific crimes charged in the

18  Indictment.  And you are here to determine from the evidence

19  in the case whether each defendant is guilty or not guilty of

20  those specific crimes.

21          You must never consider punishment in any way to

22  decide whether a defendant is guilty.  If you find the

23  defendant guilty, then the punishment is for the judge, me,

24  in this case, alone to determine later.

25          During the course of the trial, you've been given

1  a notepad and a pen.  And most of you, maybe all of you, have

2  taken the opportunity to take notes.

3        You must use your notes only as a memory aid

4  during your deliberations.  And you must not give your notes

5  priority over your independent recollection of the evidence.

6  And you must not allow yourself to be unduly influenced by

7  the notes of other jurors.

8        I emphasize that the notes are not entitled to any

9  greater weight than your memories or impressions about the

10  testimony.

11        Your verdict, whether it's a guilty verdict or a

12  not-guilty verdict, must be a unanimous verdict.  In other

13  words, all of you, each one of you, have to agree to the

14  verdict.  And your deliberations are secret.  You'll never

15  have to explain your verdict to anyone.

16        Each of you must decide the case for yourself, but

17  only after fully considering the evidence with the other

18  jurors.

19        So you must discuss the case with one another and

20  try to reach an agreement.  While you're discussing the case,

21  don't hesitate to re-examine your own opinion, and change

22  your mind if you become convinced that you were wrong.  But

23  don't give up your honest beliefs just because the others

24  think differently or because you simply want to get the case

25  over with.

1          Remember that in a real way here, you are the

2     judges.  You are the judges of the facts.  Your only interest

3     is to seek the truth from the evidence in this case.

4          Now, some of this I may reiterate or say again

5     after the closing arguments.  But occasionally jurors will be

6     wondering about how do you get a foreperson.  But when you go

7     back to the jury room, you will choose one of your members to

8     act as the foreperson.  And the foreperson will direct

9     deliberations, will speak for you in court.

10          There has been a verdict form prepared for your

11     convenience.  And you don't have a copy of it, but there is a

12     verdict form for each of the defendants.

13          And the verdict forms are identical for each of

14     the defendants.  So I have three of them up here, and I'm

15     going to send three of them back with you when you go back to

16     deliberate.  But suffice it to say, the verdict form reads as

17     follows:  Count One of the Indictment.

18          As to the offense of conspiring to possess with

19     the intent to distribute, or distribute cocaine while aboard

20     a vessel subject to the jurisdiction of the United States, in

21     violation of 46 United States Code, Sections 70503(a), and

22     70506(a) and (b), we, the jury, find the defendant, and there

23     is a verdict form for Rudolph Randolph Meighan, Jorge Ramon

24     Newball-May, and Calbot Reid-Dilbert.  We, the jury, find the

25     defendant, guilty, not guilty.  And there is a place for you

1    to check once you've unanimously made a decision.

2            And then there is the further instruction.  If you

3    find the defendant guilty, then proceed to answer the

4    following question.  We further find the amount of cocaine

5    involved in the offense charged in Count One is, five

6    kilograms or more, and there is a place to check if that's

7    your unanimous decision, 500 kilograms -- strike that -- 500

8    grams or more but less than five kilograms, and there is a

9    place for you to check that, if that's your unanimous

10   decision, less than 500 grams, and there is a place for you

11   to check that if that's your unanimous decision.

12           And then it reads, Count Two of the Indictment.

13   As to the offense of knowingly and intentionally possessing

14   with the intent to distribute or aiding and abetting each

15   other and other persons in possession with the intent to

16   distribute cocaine while on board a vessel subject to the

17   jurisdiction of the United States, in violation of 46 United

18   States Code, Sections 70503(a) and 70506(a), and 18 United

19   States Code, Section 2, we, the jury, find the defendant

20   guilty, and there is a place to check guilty if that's your

21   unanimous decision, not guilty, and there is a place to check

22   not guilty if that's your unanimous decision.

23           If you find the defendant guilty, then you will

24   need to answer the following question:  We further find that

25   the amount of cocaine involved in the offense charged in

1   Count Two is five kilograms or more, and there is a place to

2   check if that's your unanimous decision, 500 grams or more

3   but less than five kilograms, and there is a place to check

4   if that's your unanimous decision, less than 500 grams, and

5   there is a place to check that if that's your unanimous

6   decision.

7           And then, so say we all.  There is a place for the

8   foreperson to date the verdict form and to sign the verdict

9   form.

10          Now, in addition to the verdict forms, you are

11  going to also have back with you -- and the jury instructions

12  and your notes, you are going to have back with you all of

13  the evidence that was entered in this case.  There were a

14  number of photographs, for example, and they will all be back

15  there with you if you want to look at any of them again.

16  You'll also have back with you a copy of the Indictment.

17          And again, let me just remind you, you may have

18  heard some evidence about Emiro Hinestroza Newbbooll, and he

19  was the fourth person named in the Indictment.  He is not on

20  trial.  You may see his name here, but he is not on trial,

21  and I ask you not to speculate on why.  You will just not be

22  asked to make a decision as to whether he is guilty or not

23  guilty.

24          So I point that out because you may see an

25  additional name on the Indictment.  And you've also heard

1    some evidence about a fourth person.

2           All right.  Let's talk just a minute about closing

3    arguments.  As I said, the government goes first.  And each

4    of the defense attorneys will have an opportunity to make a

5    closing argument, and then the government has a chance to

6    make a rebuttal argument, if they wish to do so.

7           I ask you to keep in mind that what the attorneys

8    say in closing argument is not evidence.  The evidence came

9    from the testimony of the witnesses and the exhibits that

10   were received into evidence.  I don't mean to suggest you

11   shouldn't listen closely to their closing arguments.  You

12   should.  They will probably be going over the evidence with

13   you and recalling the testimony and maybe perhaps some of the

14   exhibits that were received into evidence.  If you recall

15   anything differently, I encourage you to rely on your own

16   recollection.

17          I'll try to take a recess at some time that's

18   convenient so I don't interrupt anybody.  But, again, as

19   always, if you need to recess, please raise your hand and

20   I'll be happy to recess.  Okay.  Any questions?

21              (Unanimous negative responses.)

22              THE COURT:  All right.

23              (Counsel proceeded with Closing Arguments but not

24   ordered transcribed.)

25              THE COURT:  All right.  Let me just read you one

1   last instruction.  I've already read part of it, but Page 22,

2   the last instruction in your packet, which is titled verdict.

3   When you get back to the jury room, again, you'll have to

4   select or you need to select one of your members to be the

5   foreperson.  And the foreperson directs deliberations and

6   will speak for you in court.

7           I've read the verdicts to you, so you know that

8   each defendant has a verdict form, and you'll need to fill

9   out the verdict forms.  It is the foreperson who will sign it

10  and date it, and bring it back to the courtroom once you've

11  unanimously agreed to a verdict.

12          If during the course of your deliberations you

13  need to communicate with me in any way, you need to tell

14  Mr. -- or you need to write it down, if you have a question,

15  give it to Mr. Fitchett and he, in turn, will give it to me.

16  If it's something about what happened during the course of

17  the trial, I will probably reconvene court and have the

18  defendants here and the attorneys here and bring you into the

19  courtroom and answer the question.

20          I remind you that you will have back there in the

21  jury room with you not only what you have there, the

22  instructions, but you'll have the verdict form.  You can take

23  your notes back.  You'll have all of the evidence that was

24  introduced, and you'll have a copy of the Indictment.

25          If you need to break apart for any reason, like to

1  go get something to drink, a Coke or something downstairs,

2  that's just fine.  If you need to -- if you're taking a

3  recess, say, a 15-minute recess or something like that,

4  that's just fine, too.  But you need to stop your

5  deliberations if all 12 of you are not in that jury room.  So

6  it's fine to take a break, but please don't discuss the case

7  with only part of the jury in the jury room.  Make sure that

8  everybody is in there when you have any kind of discussions

9  about the case.

10            So take whatever time you need in order to reach a

11  decision in this case, if you can do so.  And again, we have

12  ordered lunch for you and it should be there.  Is it here?

13            THE COURTROOM DEPUTY:  Yes.

14            THE COURT:  And Mr. Fitchett will be right outside

15  of your jury room.  So if you need anything, he'll be there.

16            Do you have any questions?

17            (*Unanimous negative responses.*)

18            THE COURT:  All right.  Make sure you take your

19  notes back with you.  And Mr. Fitchett, would you conduct the

20  jury to the jury room.

21            COURT SECURITY OFFICER:  All rise for the jury.

22            (Jury exits courtroom at 12:18 p.m.)

23            COURT SECURITY OFFICER:  Please be seated.

24            THE COURT:  We are in recess pending a verdict in

25  this case.  Yes, sir.

1           MR. AMADOR:  Judge, I would like to put on the

2    record my objection to the jury instructions, no lesser

3    included offense.

4           THE COURT:  I can't hear you.  Say it again.

5           MR. AMADOR:  I would like to put on the record to

6    the jury instructions because you didn't include the

7    instruction that I requested of lesser included.

8           THE COURT:  Okay.  I'll note the objection.

9           In addition, would you give Susan your phone

10   numbers so that we can call you in the event we have a

11   question or in the event we have a verdict.  If you can get

12   back here in about 15 or 20 minutes, then that's fine.  And

13   same thing with the government.  We will need your phone

14   numbers.

15          MR. DERENZO:  Yes, Your Honor.

16          THE COURT:  We are in recess pending verdict.

17          (Recess taken from 12:20 p.m. to 3:13 p.m.)

18          COURT SECURITY OFFICER:  All rise.

19          This Honorable Court is now in session.

20          THE COURT:  All right.  I received a note from the

21   jury just a few minutes ago.  And it says, we have a verdict.

22   It's signed by Eric Hunter as the foreperson of the jury.

23          So I will bring the jurors in and I'll ask first

24   if they have selected a foreperson.  I assume they have.  I

25   assume it's Mr. Hunter.  I will then ask Mr. Hunter if the

1    jury has reached a unanimous verdict.  If he says yes, then I

2    will let him -- well, I'll ask him first to hand the verdict

3    form to me so that I can make sure it's filled out, and

4    properly, and then I'll hand it back to him and let him

5    publish the verdict.

6              At that time, he will publish or read the verdict,

7    and I'll ask you to stand.  So let's bring the jury in.

8              COURT SECURITY OFFICER:  All rise for the jury.

9              (Jury enters courtroom at 3:15 p.m.)

10             COURT SECURITY OFFICER:  Thank you.  Please be

11   seated.

12             THE COURT:  Ladies and gentlemen, I have a note

13   that says, we have a verdict.  And it's signed or it's dated

14   May 9th, 2019, and it's signed by, appears to be, Eric

15   Hunter.  Thank you.

16             Ladies and gentlemen, have you selected a

17   foreperson?

18             (*Unanimous affirmative responses.*)

19             THE COURT:  Who is that foreperson?

20             THE FOREPERSON:  That's me.

21             THE COURT:  Mr. Hunter, you are the foreperson of

22   the jury?

23             THE FOREPERSON:  Correct.

24             THE COURT:  All right.  Has this jury reached a

25   unanimous verdict as to each of the counts?

1           THE FOREPERSON:  Yes, Your Honor.

2           THE COURT:  Could I get you to hand the verdict

3    form to Mr. Fitchett, and he's going to hand it to me.

4           (*Document tendered*.)

5           THE COURT:  All right.  Would you return the

6    verdict forms to Mr. Hunter, please.

7           Mr. Hunter, I would like you to read the verdicts.

8    So if you do not wish to read the verdicts, I will read the

9    verdicts.  Will you read the verdicts?

10          THE FOREPERSON:  Yes.

11          THE COURT:  Will you stand, please, sir.  And I'm

12   going to ask the defendants to stand, as well.  And,

13   Mr. Hunter, would you publish the verdict as to each of the

14   defendants, starting with Rudolph Randolph Meighan.

15          THE FOREPERSON:  Yes, Your Honor.  Rudolph

16   Randolph Meighan, verdict form, Count One of the Indictment.

17   As to the offense of conspiring to possess with intent to

18   distribute or to distribute cocaine while on board a vessel

19   subject to the jurisdiction of the United States, in

20   violation of 46 U.S.C. 70503(a) and 70506(a) and (b), we, the

21   jury, find the defendant, Rudolph Randolph Meighan, guilty.

22          If you find the defendant guilty, then proceed to

23   answer the following question.  We further find that the

24   amount of cocaine involved in the offense charged in Count

25   One is five kilograms or more.

1          Count Two of the Superseding Indictment.  As to

2     the offense of knowingly and intentionally possessing with

3     the intent to distribute or aiding and abetting each other

4     and other persons of possession with the intent to distribute

5     cocaine while aboard a vessel subject to the jurisdiction of

6     the United States, in violation of 46 U.S.C. Section 7503 (a)

7     and 70506(a), and 18 U.S.C. 2, we, the jury, find the

8     defendant, Rudolph Randolph Meighan, guilty.

9          We further find the amount of cocaine involved in

10    the charge is five kilograms or more.

11         THE COURT:  All right.  Thank you.  You may have a

12    seat, sir.  Could I get you to read a little slower so the

13    interpreter can interpret.

14         THE FOREPERSON:  Sure.

15         THE COURT:  Thank you.

16         THE FOREPERSON:  This is in relationship to Jorge

17    Ramon Newball-May.  Verdict form, Count One of the

18    Indictment.  As to the offense of conspiring to possess with

19    intent to distribute or to distribute cocaine while on board

20    a vessel subject to the jurisdiction of the United States, in

21    violation of 46, U.S.C. Section 70503(a) and 70506(a) and

22    (b), we, the jury, find the defendant, Jorge Ramon

23    Newball-May, guilty.

24         We further find that the amount of cocaine

25    involved in the offense charged in Count One is five

1  kilograms or more.

2          Count Two of the Indictment.  As to the offense of

3  knowingly and intentionally possessing with the intent to

4  distribute or aiding and abetting each other and other

5  persons in the possession with the intent to distribute

6  cocaine while aboard a vessel subject to the jurisdiction of

7  the United States, in violation of 46, U.S.C. 70503(a) and

8  70506(a), and 18 U.S.C. 2, we, the jury, find the defendant,

9  Jorge Ramon Newball-May, guilty.

10          We further find that the amount of cocaine

11  involved in the offense charged in Count Two is five

12  kilograms for more.

13          THE COURT:  Thank you.  You may have a seat.

14          THE FOREPERSON:  In the case of Calbot

15  Reid-Dilbert, verdict form, Count One of the Indictment.  As

16  to the offense of conspiring to possess with intent to

17  distribute or to distribute cocaine while aboard a vessel

18  subject to the jurisdiction of the United States, in

19  violation of 46 U.S.C. 70503(a) and 70506(a) and (b), we, the

20  jury, find the defendant, Calbot Reid-Dilbert, guilty.

21          We further find that the amount of cocaine

22  involved in the offense charged in Count One is five

23  kilograms or more.

24          Count Two of the Indictment.  As to the offense of

25  knowingly and intentionally possessing with the intent to

1   distribute or aiding and abetting each other and other

2   persons in possession with the intent to distribute cocaine

3   while aboard a vessel subject to the jurisdiction of the

4   United States, in violation of 46 U.S.C. 70503(a) and

5   70506(a) and 18 U.S.C. 2, we, the jury, find the defendant,

6   Calbot Reid-Dilbert, guilty.

7           We further find that the amount of cocaine

8   involved in the offense charged in Count Two is five

9   kilograms or more.

10          THE COURT:  All right.  You may have a seat.

11   Thank you, Mr. Hunter.  If I could get you to give the

12   verdict forms back to Mr. Fitchett, please, sir.

13          Mr. Dee, do you wish the jury polled?

14          MR. DEE:  Yes, Your Honor.

15          THE COURT:  All right.  I'm just going to poll for

16   all the defendants.  Ladies and gentlemen, I'm going to ask

17   Miss Saylor to poll you, which essentially she's going to ask

18   each of you about your verdict.  As I said, it has to be the

19   verdict of each one of you as well as the jury as a whole.

20          Miss Saylor.

21          THE COURTROOM DEPUTY:  Yes, Your Honor.

22          Miss Summerall, are these your true verdicts as to

23   each defendant and as to each count of the Superseding

24   Indictment?

25          JUROR SUMMERALL:  Yes.

1          THE COURTROOM DEPUTY:  Miss Fannin, is this your

2   true verdict as to each defendant and as to each count of the

3   Indictment?

4          JUROR FANNIN:  It is.

5          THE COURTROOM DEPUTY:  Mr. Stickland, is this your

6   true verdict as to each defendant and as to each count of the

7   Indictment?

8          JUROR STRICKLAND:  Yes.

9          THE COURTROOM DEPUTY:  Mr. Poppe, are these your

10  true verdicts as to each defendant and as to each count of

11  the Indictment?

12         JUROR POPPE:  Yes, it is.

13         THE COURTROOM DEPUTY:  Miss Martinez Alvarado, are

14  these your true verdicts as to each defendant and as to each

15  count of the Indictment?

16         JUROR MARTINEZ:  Yes.

17         THE COURTROOM DEPUTY:  Miss Morrison, are these

18  your true verdicts as to each defendant and as to each count

19  of the Indictment?

20         JUROR MORRISON:  It is.

21         THE COURTROOM DEPUTY:  Mr. Hunter, are these your

22  true verdicts as to each defendant and as to each count of

23  the Indictment?

24         JUROR HUNTER:  It is.

25         THE COURTROOM DEPUTY:  Miss Koller, are these your

1   true verdicts as to each count or as to each defendant and as

2   to each count of the Indictment?

3             JUROR KOLLER:  It is.

4             THE COURTROOM DEPUTY:  Mr. Stein, are these your

5   true verdicts as to each defendant and as to each count of

6   the Indictment?

7             JUROR STEIN:  Yes, it is.

8             THE COURTROOM DEPUTY:  Mr. Yvette, are these your

9   true verdicts as to each defendant and as to each count of

10  the Indictment?

11            JUROR YVETTE:  Yes.

12            THE COURTROOM DEPUTY:  Miss Guenther, are these

13  your true verdicts as to each defendant and as to each count

14  of the Indictment?

15            JUROR GUENTHER:  Yes.

16            THE COURTROOM DEPUTY:  Miss Peer, are these your

17  true verdicts as to each defendant and as to each count of

18  the Indictment?

19            JUROR PEER:  Yes, it is.

20            THE COURTROOM DEPUTY:  The jurors have been

21  polled, Your Honor.

22            THE COURT:  Thank you, Miss Saylor.

23            Mr. Meighan, the jury has found you guilty as to

24  both counts of the Indictment.  I'm going to adjudicate you

25  guilty as to the conspiracy count.  I'm also going to

1   adjudicate you guilty for the count of knowingly and

2   intentionally possessing with intent to distribute cocaine

3   while on board a vessel subject to the jurisdiction of the

4   United States.

5         Mr. Newball-May, the jury has found you guilty as

6   to both counts.  I'm going to adjudicate you guilty as to the

7   conspiracy.  I'm also going to adjudicate you guilty to the

8   substantive Count Three, the count of possessing with intent

9   to distribute cocaine while on board a vessel subject to the

10  jurisdiction of the United States.

11        Mr. Reid-Dilbert, this jury has found you guilty

12  as to both counts of the Indictment.  I'm going to adjudicate

13  you guilty as to the conspiracy count and also adjudicate you

14  guilty as to the substantive count of possession with intent

15  to distribute cocaine while on board a vessel subject to the

16  jurisdiction of the United States.

17        Miss Saylor, can you give me a sentencing date.

18        THE COURTROOM DEPUTY:  Yes, Your Honor.  August

19  the 7th at 8:30.

20        THE COURT:  I'm going to set this case for

21  sentencing as to each of the defendants on August the 7th at

22  8:30.  And, obviously, if someone has a conflict after

23  getting back, you just need to let me know.  But at 8:30.

24  I'll set them all at the same time.  Obviously, I will do

25  them one at a time, but I will set sentencing on August 7th

1   at 8:30.  I'm ordering a presentence report for all three of

2   the defendants and, obviously, you'll see the presentence

3   report before I see it.

4           Thank you.  This actually ended a little quicker

5   than I had told you.  I think I had said you need to plan to

6   be here until Friday.  We finished a little early, and I

7   guess that's a nice problem.

8           I would like to thank you for the time and

9   attention you have given to everyone associated with this

10  case.  From the attorneys to me, you've been very attentive

11  the entire time throughout all of the photographs, videos,

12  everything that was presented.  We appreciate your being

13  here.  We appreciate you giving us four days out of your life

14  to serve as jurors.  I just want to reiterate how important

15  it is that you are willing to do this, because we couldn't

16  have this system without you.

17          So thank you.  Mr. Fitchett, would you conduct the

18  jury back to the jury room.

19          COURT SECURITY OFFICER:  All rise for the jury.

20          (Jury exits courtroom at 3:28 p.m.)

21          COURT SECURITY OFFICER:  Please be seated.

22          THE COURT:  Mr. Dee, do you have any other matters

23  to come before the Court at this time?

24          MR. DEE:  Judge, at this time, for the record, I

25  renew our motion for Rule 29, and notwithstanding the jury's

1    verdict.

2              THE COURT:  I would, again, rule as I have in the

3    past.  I'm going to deny the motion.  What about you,

4    Mr. Brunvand, do you have any other matters to come before

5    the Court?

6              MR. BRUNVAND:  Just renew the Rule 29 motion, Your

7    Honor.

8              THE COURT:  Again, my ruling would be the same.  I

9    would deny the motion.

10             Mr. Amador, do you have any other matters to come

11   before the Court?

12             MR. AMADOR:  The same.

13             THE COURT:  All right.  I will deny the renewed

14   Rule 29 motion as to Mr. Calbot Reid-Dilbert.

15             Mr. DeRenzo, do you have any other matters to come

16   before the Court?

17             MR. DERENZO:  No, Your Honor.  Thank you.

18             THE COURT:  Mr. Baeza?

19             MR. BAEZA:  No, Your Honor.

20             THE COURT:  All right.  Thank you.  We are

21   adjourned.

22             (Proceedings concluded at 3:29 p.m.)

23                             - - -

24

25

UNITED STATES DISTRICT COURT   )
                               )
MIDDLE DISTRICT OF FLORIDA     )


**REPORTER CERTIFICATE**


    I, Scott N. Gamertsfelder, Official Court Reporter
for the United States District Court, Middle District of
Florida, do hereby certify that pursuant to Section 753,
Title 28, United States Code, that the foregoing is a true
and correct transcript from the stenographic notes taken by
the undersigned in the matter of *UNITED STATES vs. RUDOLPH
RANDOLPH MEIGHAN, JORGE RAMON NEWBALL MAY, and CALBOT
REID-DILBERT*, Case No. 8:18-cr-594-T-24JSS (Pages 1 through
45), and that the transcript page format is in conformance
with the regulations of the Judicial Conference of the United
States.



/s/ *Scott N. Gamertsfelder*, RMR, FCRR

*Official Court Reporter*

                               Date: September 23, 2019